# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROYSTER, | CASE NO. 1:11-cv-01151 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | WITHIN THIRTY DAYS |
| C/O STURGES, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claim**

The events at issue in this action occurred at Wasco State Prison, where Plaintiff was housed at the time. Plaintiff's sole claim in this action stems from an incident that occurred on July 11, 2011. On that date, a "small fight" broke out in a dormitory. After the incident, C/O Sturges directed all of the inmates housed in the dormitory to participate in a strip search. Plaintiff alleges that some of the correctional officers conducting the strip searches were female. Plaintiff alleges that he was subjected to humiliation and embarrassment.

    **A.     Strip Searches**

The validity of a search policy is analyzed under the standards set forth in <u>Turner v. Safley</u>, 482 U.S. 78 (1987). <u>See</u> <u>Nunez</u>, 591 F.3d at 1227; <u>Byrd v. Maricopa County Sheriff's Dept.</u>, 565 F.3d 1205, 1220-21 (9th Cir. 2009). Under <u>Turner</u>, a prison regulation "is valid if it is reasonably related to legitimate penological interests." <u>Turner</u>, 482 U.S. at 89. The four factors relevant in determining the reasonableness of a prison regulation are 1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; 2) whether there are alternative means of exercising the right that remain open to prison inmates; 3) the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally; and 4) the absence of ready alternatives. <u>Turner</u>, 482 U.S. at 89-91.

"Controlling contraband within a prison is a legitimate penological interest. . . ." Nunez, 591 F.3d at 1127-28. Numerous cases have acknowledged a legitimate penological interest in controlling contraband in institutional settings. See Bull v. City and County of San Francisco, Nos. 06-15566, 05-17080, 2010 WL 431790 (9th Cir. Feb. 2, 2010) (acknowledging legitimate penlogical interest in controlling contraband in local jails); Nunez, 591 F.3d at 1228; Byrd, 565 F.3d at 1221 ("There is no dispute that the County's security-related need to respond to reports of contraband and fighting . . . is a 'legitimate governmental interest' . . . [and] are rationally connected to, and a valid justification for, conducting the pad down and partial strip searches"); Michenfelder v. Sumner, 860 F.2d 328, 332 ("so long as a prisoner presented with the opportunity to obtain contraband or a weapon while outside of his cell, a visual strip search has a legitimate penological purpose").

The Ninth Circuit has "recognized that the 'desire to shield one's unclothed figure[] from view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." Byrd v. Maricopa County Sheriff's Dept., 565 F.3d 1205, 1222 (9th Cir. 2009) (citing York v. Story, 324 F.2d 450, 455 (9th Cir. 1963)). The Ninth Circuit has also stated that "[w]hile we have not foreclosed the possibility that a cross-gender search could violate an incarcerated person's constitutional rights, we have noted that 'our prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the oppose sex are exteremely limited.'" Id. (quoting Jordan v. Gardner, 986 F.2d 1521, 1524 (1993)). The Ninth Circuit has "never held that a cross-gender search in a prison setting violated an inmate's Fourth Amendment rights." Id.

In Byrd, the Ninth Circuit upheld a cross-gender search challenged under the Fourth Amendment. The plaintiff in Byrd ("Byrd") was a pretrial detainee being held in a county jail. Byrd, 565 F.3d at 1208. Jail supervisors conducted a coordinated search of an entire housing unit due to suspected contraband and fights. Id. at 1208-1209. Byrd was ordered to remove all his clothing except his boxer shorts and was searched in a room with 25-30 cadets and 10-15 uniformed detention officers. Id. at 1209. Byrd was searched by a female training cadet who ran her hands throughout Byrd's body, including a frisk of Byrd's genitals through his boxer shorts. Id. Byrd also claimed that he suffered from a history of sexual abuse that made the cross-gender aspect of the search

particularly traumatic. Id. at 1216. The search was upheld over Fourth Amendment challenges despite the fact that the nearby male officers were readily available to perform the search. Id. at 1208.

The only Ninth Circuit case that found cross-gender searches to be unconstitutional is Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993). In Jordan, the court held that a prison policy that required male guards to conduct random, non-emergency, suspicion-less clothed body searches of female prisoners was cruel and unusual under the Eighth Amendment. Id. at 1522-23. The facts in Jordan involved male guards conducting clothed body searches of female prisoners that involved physical intrusive tactile searches of the crotch and breast area. Id. at 1523. The Court found that the searches were cruel and unusual because several inmates had long histories of sexual abuse by men, and one suffered severe distress during a search: prison officials had to pry her fingers loose from the bars she had grabbed during the search and she vomited after returning to her cell block. Id. The Court declined to analyze the claims under the Fourth Amendment because the policy was prohibited under the Eighth Amendment. However, the court did note that "prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." Id. at 1524.

Here, on the facts alleged, the Court finds that the strip search at issue comports with the Turner requirements. The search was conducted in response to a fight and therefore officials had a legitimate interest in finding weapons. Plaintiff has not alleged any facts indicating that any alternative means were available, or that the search had a negative impact on guards and other inmates, or prison resources generally. Simply put, the fact of a strip search in front of female guards does not, of itself, violate constitutional standards. This claim should therefore be dismissed.

## III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

1    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
2 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
3 Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
4 [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.
5 Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

6    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
7 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
8 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
9 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
10 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
11 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
12 1474.

13    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

14    1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

15    2.   The Clerk's Office shall send to Plaintiff a complaint form;

16    3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
17         amended complaint;

18    4.   Plaintiff may not add any new, unrelated claims to this action via his amended
19         complaint and any attempt to do so will result in an order striking the amended
20         complaint; and

21    5.   If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with
22         prejudice, for failure to state a claim.

25    IT IS SO ORDERED.

26    Dated:   **December 13, 2011**            /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE