# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROYSTER, | 1:11-cv-01151-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | (Doc. 16.) |
| C/O STURGES, et al., | ORDER FOR CLERK TO RE-OPEN CASE |
| | ORDER FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT |
| Defendants. | |
| | THIRTY DAY DEADLINE |
| _____ / | |

**I.   BACKGROUND**

Kenneth Royster ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 13, 2011. (Doc. 1.) On August 22, 2011, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 8.)

On September 6, 2011, Plaintiff filed the First Amended Complaint. (Doc. 12.) The Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and entered an order on December 14, 2011, dismissing the First Amended Complaint for failure to state a claim, with leave to file a Second Amended Complaint. (Doc. 13.) On January 10, 2012, the Court's order was returned by the U.S. Postal Service as undeliverable, with a notation that Plaintiff had been released

from the facility. On January 12, 2012, the Court dismissed this action, with prejudice, for failure to state a claim. (Doc. 14.) On January 23, 2012, Plaintiff filed a motion for reconsideration of the order dismissing this action. (Doc. 16.)

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that his case should be reopened, claiming it was not his fault that he did not receive the Court's order requiring him to file a Second Amended Complaint. Plaintiff claims he sent a letter "to tell the Court on 11-1-2011 I was sent out to court." (Motion, Doc. 16 at 1.) Plaintiff argues that the prison should not have returned the mail to the Court as undeliverable. Plaintiff also argues that his First Amended Complaint stated a claim and should not have been dismissed for failure to state a claim.

The Court's record does not contain any evidence that Plaintiff sent a letter notifying the Court that he was sent out to court to another facility in November 2011, and Plaintiff has not provided any evidence that he submitted a letter, or any other notice of change of address, notifying

the Court that was transferred from High Desert State Prison. Plaintiff's address of record with the Court has remained at High Desert State Prison since August 2011.

However, in light of the fact that Plaintiff's case was dismissed before the deadline to file the Second Amended Complaint, the Court finds good cause to grant Plaintiff's motion for reconsideration and to re-open this case. Plaintiff shall be granted thirty days in which to file the Second Amended Complaint.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on January 23, 2012, is GRANTED;
2. The Clerk of Court is directed to RE-OPEN this case; and
3. Within THIRTY DAYS of the date of service of this order, Plaintiff shall file a Second Amended Complaint, pursuant to the Court's order of December 14, 2011.

IT IS SO ORDERED.

Dated:   **February 7, 2012**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE