**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROYSTER, | 1:11-cv-01151-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 18.) |
| v. | |
| C/O STURGES, et al., | |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |
| | ORDER DIRECTING CLERK TO CLOSE CASE |

**I.     RELEVANT PROCEDURAL HISTORY**

Kenneth Royster ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 13, 2011. (Doc. 1.) On August 22, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On September 6, 2011, Plaintiff filed the First Amended Complaint. (Doc. 12.) The Court screened the First Amended Complaint pursuant to 28 U.S.C. 1915A and entered an order on

1

December 14, 2011, dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 13.) On February 21, 2012, Plaintiff filed the Second Amended Complaint, which is now before the Court for screening. (Doc. 18.)

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

**III.    PLAINTIFF'S ALLEGATIONS AND CLAIM**

The events at issue in this action allegedly occurred at Wasco State Prison in Wasco, California, when Plaintiff was incarcerated there. Plaintiff names as defendants the California Department of Corrections, and Correctional Officers ("C/Os") Sturges, True, Rescio, Montes, Cornejo, Baker, Mitchal, and Muro ("Defendants").

Plaintiff's sole claim in this action stems from an incident that occurred on July 11, 2011. On that date, a fight broke out on the other side of the dorm. Plaintiff was not involved in the fight. Following the incident, C/O Sturges directed Plaintiff to participate in a strip search in front of hundreds of men, all of the other defendants, and female officers including defendant

C/O Muro. Plaintiff was forced to strip, hold his buttocks wide open, and bend at the waist while a flashlight was pointed at his anus. Plaintiff suffered from embarrassment, humiliation, and emotional distress.

### A. Eighth Amendment - Adverse Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). First, the "deprivation alleged must be, objectively, sufficiently serious." Farmer, 511 U.S. at 834 (citations and quotations omitted). Second, the prison official must have acted with "deliberate indifference" to inmate health or safety. Id. (internal quotation marks and citations omitted). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

To the extent that Plaintiff brings an Eighth Amendment claim, Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. Plaintiff does not allege physical injury as a result of the strip search, but instead asserts that he was embarrassed and humiliated. Moreover, Plaintiff has not alleged any facts demonstrating that any of the defendants knew of and disregarded an excessive risk to Plaintiff's health and safety by conducting the search with

1  officers and other prisoners watching.  Therefore, Plaintiff fails to state an Eighth Amendment
2  claim, and this claim must be dismissed.

3       **B.**      **Fourth Amendment - Unreasonable Search**

4       The Fourth Amendment right of people to be secure against unreasonable searches and
5  seizures "extends to incarcerated persons; however, the reasonableness of a particular search is
6  determined by reference to the prison context." Michenfelder v. Sumner, 860 F.2d 328, 332 (9th
7  Cir.1988).  The Fourth Amendment prohibits unreasonable searches, and reasonableness is
8  determined by the context, which requires a balancing of the need for the particular search
9  against the invasion of personal rights that search entails. Bell v. Wolfish, 441 U.S. 520, 558–59
10 (1979) (quotations omitted); Bull v. City and County of San Francisco, 595 F.3d 964, 974–75
11 (9th Cir.2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir.2010); Michenfelder, 860 F.2d at
12 332-33.  The scope of the particular intrusion, the manner in which it is conducted, the
13 justification for initiating it, and the place in which it is conducted must be considered. Bell, 441
14 U.S. at 559 (quotations omitted); Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder,
15 860 F.2d at 332.

16       In evaluating whether a prison's policy or practice is reasonable under the Fourth
17 Amendment, courts must look to the test articulated in Turner v. Safely, 482 U.S. 78, 89–91
18 (1987).  Under Turner, as applied to a Fourth Amendment body search claim, any infringement
19 on a prisoner's Fourth Amendment rights must be reasonably related to legitimate penological
20 interests; this requires consideration of: (1) whether there is a valid, rational connection between
21 the prison regulation and the legitimate governmental interest put forward to justify it; (2)
22 whether there are alternative means of exercising the right; (3) the impact the accommodation of
23 the asserted constitutional right will have on guards and other inmates, and on the allocation of
24 prison resources generally; and (4) the absence of ready alternatives.[1]  Turner, 482 U.S. at 89–91;

---

[1] Not all four factors are applicable to every case. Michenfelder, 860 F.2d at 331 n. 1. As noted in Michenfelder and Bull, the second Turner factor, whether there are alternative means of exercising the right that remain open to prison inmates, Turner, 482 U.S. at 90, is not applicable to a search policy because "the right to be free from unreasonable searches is not a right susceptible to exercise by alternative means." Bull, 595 F.3d at 973 n. 9 (citing Michenfelder, 860 F.2d at 331 n. 1)

1 <u>Bull</u>, 595 F.3d at 973; <u>Nunez</u>, 591 F.3d at 1227; <u>Michenfelder</u>, 860 F.2d at 331.  In applying the <u>Turner</u> factors, great deference must be given to prison officials' assessments of their interests because "[p]rison administration is ... a task that has been committed to the responsibility of [the legislative and executive branches], and separation of powers concerns counsel a policy of judicial restraint.  Where a state penal system is involved, federal courts have ... additional reason to accord deference to the appropriate prison authorities." <u>Michenfelder</u>, 860 F.2d at 331 (internal citations omitted).

The Ninth Circuit has found that prison policies that allowed female correctional officers to view male inmates in states of partial or total nudity while dressing, showering, being strip searched, or using toilet facilities did not violate the Fourth or Fourteenth Amendment. <u>Grummett v. Rushen</u>, 779 F.2d 491, 494-96 (9th Cir. 1985).  The Ninth Circuit also upheld a strip search policy that called for visual body cavity searches when an inmate left or returned to a unit and when an inmate traveled under escort within the unit, including leaving and returning from sick call, recreation, disciplinary hearings, and visits, despite the plaintiff's argument that the searches were conducted in the view of female correctional officers and visitors. <u>Michenfelder</u>, 860 F.2d at 332-34.

Plaintiff has not alleged facts demonstrating that his visual body cavity search by a male officer, conducted in an open area following a fist fight which broke out on the other side of the dorm, with other inmates and male and female officers merely present during the search, was unreasonable under the Fourth Amendment.  Plaintiff has not alleged that the search was not justified, that the scope of the search itself violated his rights, or that ready alternatives were available.   Therefore, Plaintiff fails to state a claim under the Fourth Amendment, and the claim shall be dismissed.

**IV.     CONCLUSION AND ORDER**

The Court has screened Plaintiff's Second Amended Complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed three complaints in this action.  Even with the Court's guidance,

Plaintiff failed to allege facts against any of the Defendants which state a cognizable claim under § 1983.  Plaintiff appears incapable of curing the deficiencies outlined above by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   April 26, 2012                             /s/ Gary S. Austin
                                                            UNITED STATES MAGISTRATE JUDGE